IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY WILLIAMS and ERBA WILLIAMS,

        Plaintiffs,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,

        Defendants.
_____/

Case No.

**JURY TRIAL DEMANDED**

### COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I. Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §559.72 (hereafter "FCCPA"). These laws prevent debt collectors from *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, 1337.

3. Venue lies in this District pursuant to 28 U.S.C. §1391(d).

### III. Parties

4. Plaintiff Gary Williams is an individual residing at 2306 Jim Johnson Road, Plant City, Florida 33566.

5. Plaintiff Erba Williams is an individual residing at 2306 Jim Johnson Road, Plant City, Florida 33566.

6. Defendant National Enterprise Systems, Inc. (hereafter "NES") is a for-profit corporation, with its principle place of business located at 29125 Solon Road, Solon, Ohio, 44139.  The principle purpose of Defendant is the collection of debts, using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

## IV.  Factual Allegations

7. Within the last year, Plaintiff Gary Williams was contacted by telephone at his place of employment by a representative of Defendant NES.

8. The representative said she was collecting the balance of $10,886 owed to American General Finance from a repossession which occurred in 1996.

9. Gary Williams informed the representative that he could not afford to pay that amount and that he was not allowed receive personal telephone calls at his place of employment.

10. Despite the fact that they had been advised that Gary Williams was not allowed to receive collection calls at his place of employment, the next day another NES representative called Mr. Williams at work.

11. The representative of NES informed Gary Williams that he owed $10,886.

12. Gary Williams told the representative that he could not afford to pay that amount.

13. The representative informed Gary Williams that she would send out "papers" on the next day if he did not agree to pay the balance and if she sent out the "papers", he would have to appear in court.

14. After threatening Gary Williams with litigation, the representative hung-up on him.

15. Within the last year, Erba Williams also received a telephone call from a representative of NES.

16. The representative of NES identified himself as "Bryan Clark".

17. The representative proceeded to inform Erba Williams that Gary Williams owed them $10,886.46.

18. The representative further told Erba Williams that Gary Williams should contact him immediately and that he would like to set up a monthly payment plan to pay the balance.

19. Sometime after the first phone call, Erba Williams received another telephone call from a NES representative.

20. The NES representative identified himself as "Eddie", and informed Erba Williams of the amount Gary Williams allegedly owed.

21. The representative proceeded to ask why Erba Williams could not help pay the debt.

22. The representative further told Erba Williams that because she was married to Gary Williams, that she was jointly responsible for the debt.

23. This caused Erba Williams to become extremely concerned and upset, as she believed that she would be responsible for a debt that she did not personally incur.

24. Once again, despite the fact that Gary Williams had informed NES not to call him at work, another NES representative called Gary Williams at his place of employment.

25. The representative left a message with Gary Williams' supervisor and identified herself as "Tina".

26. On or about April 15, 2008, a representative from NES contacted Erba Williams by telephone.

27. The representative identified himself as "William Hincon" and informed Erba Williams that Gary Williams owed them $10,886.46 from 1996.

28. To date, despite threats from Defendant otherwise, NES has not sued Mr. Williams to collect the alleged debt.

29. As a result of Defendant's actions, Plaintiffs Gary Williams and Erba Williams felt upset, anxious, embarrassed, concerned, and frustrated.

## FIRST CLAIM FOR RELIEF
## FDCPA Violations
## Gary Williams v. National Enterprise Systems, Inc.

30. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 29.

31. The foregoing acts and omissions of NES and its agents constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692c(a)(3), 1692c(b), 1692d, 1692e(2), 1692e(5), and 1692f.

32.  As a result if the above  violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
## FCCPA Violation
## Gary Williams v. National Enterprise Systems, Inc.

33. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 29.

34. The foregoing acts and omissions of NES and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. §§559.72(7) and 559.72(9).

35. The actions of Defendant were done with the intent to coerce Plaintiff into paying a consumer debt.

36. As a result of the above violations of the FCCPA, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages statutory damages and attorney's fees and costs.

### THIRD CLAIM FOR RELIEF
### FDCPA Violation
### Erba Williams v. National Enterprise Systems, Inc.

37. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 29.

38. The foregoing acts and omissions of NES and its agents constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692d, 1692e(2), 1692e(5), 1692e(3), and 1692f.

39. As a result if the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

### FOURTH CLAIM FOR RELIEF
### FCCPA Violation
### Erba Williams v. National Enterprise Systems, Inc.

40. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 29.

41. The foregoing acts and omissions of NES and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. §§559.72(9).

42. The actions of Defendant were done with the intent to coerce Plaintiff into paying a consumer debt.

43. As a result of the above violations of the FCCPA, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages statutory damages and attorney's fees and costs.

WHEREFORE, PLAINTIFFS respectfully pray that judgment be entered against DEFENDANT for the following:

a. Declaratory Judgment that DEFENDANT'S conduct violated the FDCPA and the FCCPA;

    b. Actual damages pursuant to 15 U.S.C. §1692k and F.S.A §559.77(2);

    c. Statutory damages pursuant to 15 U.S.C. §1692k and F.S.A. §559.77(2);

    d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and §559.77(2); and

    e. For such other and further relief as may be just and proper.

Dated: November 19, 2008

Respectfully submitted,

 s/ G. Donald Golden  
G. DONALD GOLDEN, ESQUIRE  
Florida Bar No. 0137080  
don@brandonlawyer.com  
JAMES W. ELLIOTT, ESQUIRE  
Florida Bar No. 0040961  
james@brandonlawyer.com  
THE GOLDEN LAW GROUP  
213 N Parsons Avenue  
Brandon, Florida   33510  
Telephone:  (813) 413-8700  
Facsimile:   (813) 413-8701  
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

 s/ G. Donald Golden  
G. Donald Golden, Esquire